Shannon Marrone HOCKMAN,
Plaintiff–Appellant,

v.

**KRAFTMAID CABINETRY,**
Defendant–Appellee.

No. 02–3255.

United States Court of Appeals,
Sixth Circuit.

Oct. 1, 2003.

Before: GIBBONS and SUTTON, Circuit Judges, and TARNOW, District Judge.*

PER CURIAM.

Plaintiff–Appellant Shannon Marrone Hockman was suspended by her employer, Kraftmaid Cabinetry. Hockman claimed that, though she endured a hostile work environment and retaliatory harassment throughout the course of her employment with Kraftmaid, she experienced particularly intense hostility and animosity at

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

Kraftmaid following her return from suspension. Consequently, she took a leave of absence from work. When she attempted to return, Kraftmaid refused to rehire her. Hockman subsequently filed suit against Kraftmaid under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and Ohio Rev.Code Ann. §§ 4112.01 *et seq.*, asserting three claims: (1) that Kraftmaid retaliated against her by suspending her, refusing to rehire her, and subjecting her to harassment in response to complaints she made regarding the adequacy and availability of handicapped parking spaces at the company's office building; (2) that Kraftmaid subjected her to a hostile work environment; and (3) that Kraftmaid discriminated against her on the basis of a disability. Kraftmaid moved for summary judgment, and the district court granted Kraftmaid's motion on all of Hockman's claims.

The district court determined that summary judgment was appropriate on Hockman's disability discrimination claim because she did not oppose Kraftmaid's motion with respect to that claim. As for the retaliation claims, the court held that Hockman did not allege facts linking the alleged adverse employment actions to her requests for more handicapped parking and, in the alternative, that she could not demonstrate that the reasons offered for the adverse employment actions were pretextual. With regards to her retalia-

tory harassment claim, the court determined that some of the actions on which Hockman based this claim did not constitute retaliatory harassment and that the other actions proffered by Hockman as constituting retaliatory harassment were not supported by evidence raising a genuine issue of material fact. The court also held that Hockman did not present sufficient evidence to demonstrate a disability under the ADA in support of her hostile work environment claim. Hockman appealed the district court's judgment in all respects except for the court's grant of summary judgment to Kraftmaid on her disability discrimination claim.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting summary judgment in favor of Kraftmaid. Because the reasons why judgment should be entered for Kraftmaid have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose.[1] Accordingly, we affirm the judgment of the district court upon the reasoning set out by that court in its opinion and order entered February 12, 2002.

---

1. Hockman also argues on appeal that the district court improperly denied her requests to supplement the record with additional affidavits. Hockman twice petitioned the district court for permission to do so, once by attempting to append affidavits to her response to a notice of authority submitted by Kraftmaid and once by formal motion. The district court denied the first of Hockman's attempts on February 6, 2002. The district court denied the second of her attempts on February 12, 2002. It is unclear which of these two orders Hockman intends to appeal. Hockman's Notice of Appeal cannot be con-

strued to include an appeal of the first order. Therefore, an appeal of that order is not before this court. *See* Fed. R.App. P. 3(c)(1)(B); *Sanabria v. United States*, 437 U.S. 54, 67 n. 21, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978). Assuming an appeal of the second order is properly before the court, Hockman makes no showing that the order was in error. Moreover, Hockman does not demonstrate that the inclusion of the affidavits would in any way affect our decision. Therefore, we affirm the district court's orders denying Hockman's requests to introduce additional affidavits into the record.